IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **YVES NADIE,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES POSTAL SERVICE,**<br><br>Defendant. | **CIVIL ACTION**<br><br>**No. 24-4049-KSM** |

## MEMORANDUM

**Marston, J.**                                                                                 **November 15, 2024**

      Failing to exhaust administrative remedies can lead to frustrating results. *Pro se* Plaintiff Yves Nadie alleges that Defendant United States Postal Services ("USPS") damaged his mailbox. Nadie tried his best to pursue his claim: he filed a police report, completed some paperwork at his local post office, and followed up several times to no avail. Eventually, he got tired of waiting and sued USPS in state court. When USPS failed to respond, the state court granted default judgment in Nadie's favor. The Government then appeared in state court to remove the case to this Court.

      Now, the Government moves to (1) substitute the United States of America as the sole defendant in this case; (2) vacate the default judgment entered against USPS in state court; and (3) dismiss Nadie's claim for lack of subject matter jurisdiction. (Doc. No. 11 at 3.) Nadie opposes only the Government's motion to dismiss, while also requesting that the matter be "moved to arbitration or a hearing before a federal judge." (Doc. No. 12 at 3.) For the reasons set forth below, the Court must grant the Government's motions to substitute, vacate, and dismiss this case. The Court will dismiss Nadie's claim against the United States *without*

*prejudice*, however, so that he may exhaust his administrative remedies and refile his suit if needed.

I.      Discussion

Nadie alleges that a USPS truck hit and damaged his mailbox and mailbox post in August 2023. (Doc. No. 1-3 at 5.) Nadie did not see the accident, but once he noticed the damage to his mailbox, he filed a police report and went down to his local post office to investigate further. (Doc. No. 10-1 at 2.) There, post office workers allegedly "confirmed that one of their vehicles . . . had caused the damage." (*Id.*) Nadie avers that the postmaster then took his statement and asked him to complete "the necessary forms to initiate the claims process." (*Id.* at 1.) He followed up several times in the ensuing weeks, but no progress was made. (*Id.* at 2.) A few months later, Nadie understandably got tired of waiting and sued USPS in Magisterial District Court in Bucks County, Pennsylvania on October 17, 2023. (Doc. No. 1-3 at 5.) When USPS failed to respond, the state court entered default judgment against it on November 22, 2023. (*Id.* at 2.) USPS's Law Department notified the United States Attorney's Office of the default judgment, and the United States, acting on USPS's behalf, removed the case to this Court under 28 U.S.C. § 1442(a)(1). (Doc. No. 1 at 1.)

The Government now moves to substitute the United States as the sole defendant, vacate the state court's judgment, and dismiss this case for lack of subject matter jurisdiction. The Court will address each motion in turn.

A.      Motion to Substitute

The Government first argues that the United States must be substituted as the sole defendant in this case because Nadie seeks to recover monetary damages from the allegedly negligent acts of a USPS driver—a federal employee. (Doc. No. 11 at 6–7.) For tort claims

against federal employees acting within the scope of their employment, like Nadie's claim, the Federal Tort Claims Act ("FTCA") provides the "exclusive remedy." *Schrob v. Catterson*, 967 F.2d 929, 934 (3d Cir. 1992). Under the FTCA, when the Attorney General certifies that an agency employee was acting within the scope of his or her federal employment when the alleged tort occurred, "any civil action . . . commenced upon such claim . . . shall be deemed to be an action . . . brought against the United States . . . and the United States shall be substituted as the party defendant."[1] 28 U.S.C. § 2679(d)(2).

The Government is correct that Nadie sued the wrong party. Nadie sued USPS—a federal agency—to recover monetary damages from the wrongful acts of a USPS employee. But the FTCA explicitly prohibits "suits against . . . federal agenc[ies] on [FTCA] claims." 28 U.S.C. § 2679(a). The Court thus grants the Government's motion to substitute the United States as the sole defendant in this matter. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA.").

### B. Motion to Vacate

The Government next argues that the state court's default judgment against USPS should be vacated because the state court lacked jurisdiction over Nadie's claim. (Doc. No. 11 at 8.) This case has an unusual posture because the state court entered default judgment against USPS before the case was removed to this Court. As explained below, despite this odd posture, the Court finds that: (1) removal was proper, (2) this Court has the power to vacate the state court's default judgment, and (3) the state court's judgment against USPS must be vacated.

---

[1] The Court notes that the Attorney General has not yet certified that the USPS employee who allegedly hit Nadie's mailbox was acting within the scope of his federal employment when the accident occurred. Still, the Court must grant the Government's motion to substitute because the FTCA explicitly prohibits suits against federal agencies. *See* 28 U.S.C. § 2679(a).

*Removal was proper even after the state court entered default judgment against USPS.* To begin, the Court finds that removal was proper. Under 28 U.S.C. § 1442(a), "[a] civil action . . . that is commenced in a State court" against an "agency" of the United States "may be removed . . . to the district court of the United States for the district and division embracing the place wherein it is pending." *Id.* Here, Nadie sued USPS—an agency of the United States—in state court in Bucks County, Pennsylvania. Though the state court entered default judgment against USPS, the Government's removal "was still permissible even after judgment was entered below." *Burgos v. Kuzo*, No. 5:20-CV-06421-JMG, 2021 WL 3145738, at *2 (E.D. Pa. July 26, 2021); *see also J.K. ex rel. Kpakah v. CSX Transp.*, No. 14-729, 2014 WL 4632356, at *1, 4 (E.D. Pa. Sept. 16, 2014) (vacating state court default judgments rendered "just hours before" the notice of removal was docketed in federal court). Thus, removal to this Court was proper under § 1442(a).

*This Court has the power to vacate the state court's judgment.* Next, the Court finds that it has the power to vacate the state court's judgment. "[I]t is within the power of a Federal Court to set aside a default judgment rendered by a State Court before removal of a particular case." *Kizer v. Sherwood*, 311 F. Supp. 809, 811 (M.D. Pa. 1970). That is because "once a case is properly removed, 'the federal court takes it as though everything done in the state court had in fact been done in the federal court.'" *Schmalbach v. United States*, No. 1:16-CV-182, 2017 WL 1130027, at *1 (W.D. Mich. Mar. 27, 2017) (quoting *Munsey v. Testworth Labs.*, Inc., 227 F.2d 902, 903 (6th Cir. 1955)). Indeed, courts from both this circuit and others have reached similar conclusions. *See, e.g., Burgos*, 2021 WL 3145738, at *2 (vacating a state court's default judgment); *J.K. ex rel. Kpakah*, 2014 WL 4632356, at *1, 4 (same); *Marks v. Blount-Lee*, No. 16-cv-3524, 2017 WL 3098094, at *3 (E.D.N.Y. July 20, 2017) (concluding that a district court

"has the authority to vacate the default judgment that was entered prior to removal" (cleaned up)). Thus, this Court has the power to vacate the state court's default judgment against USPS.[2]

*The Court will vacate the state court's judgment against USPS.* Having found that removal was proper and that this Court has the power to vacate the state court's judgment, the Court turns to whether the state court's judgment should in fact be vacated. Under Federal Rule of Civil Procedure 60(b)(1), a court may "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Motions to vacate under Rule 60(b)(1) must be made "no more than a year after the entry of judgment." Fed. R. Civ. P. 60(c). "When faced with a motion under Rule 60(b)(1), 'a district court must [also] consider three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct.'" *Burgos*, 2021 WL 3145738, at *3 (quoting *Arpaio v. Dupre*, 527 F. App'x 108, 111 (3d Cir. 2013)).

To start, the Court finds that the state court reached its judgment by "mistake." Fed. R. Civ. P. 60(b)(1). Nadie sued USPS based on an alleged tort committed by a USPS driver. The FTCA thus applies, and it grants federal district courts "exclusive jurisdiction" to hear such claims. *CNA*, 535 F.3d at 140. In light of this provision, "the state court clearly lacked

---

[2] The Court retains this power even when, as here, the Court subsequently dismisses the action for lack of subject matter jurisdiction. *See, e.g.*, *Marks*, 2017 WL 3098094, at *2–3 (vacating a state court's default judgment against USPS before dismissing the case for lack of subject matter jurisdiction because federal courts gain "full and exclusive subject matter jurisdiction over a case" upon removal (internal quotations omitted)); *Schmalbach*, 2017 WL 1130027, at *2 (finding that the court could both vacate the state court's default judgment and dismiss the case for lack of subject matter jurisdiction because "the federal court takes [a properly removed case] as though everything done in the state court had in fact been done in the federal court"); *Burgos*, 2021 WL 3145738, at *2 (vacating a state court judgment based on "the power of a Federal Court to set aside a default judgment rendered by a State Court before removal of a particular case" and then dismissing the case for lack of subject matter jurisdiction) (quoting *Kizer*, 311 F. Supp. at 811). To rule otherwise would leave Nadie with an unenforceable state court judgment and "lead to the absurd result that neither this Court nor the [state court] has the authority to vacate the default judgment." *Marks*, 2017 WL 3098094, at *3.

jurisdiction to enter the default judgment." *Marks*, 2017 WL 3098094, at *3. This jurisdictional error in the state court's entry of default judgment constitutes a "mistake" under Rule 60(b)(1).

Next, the Court finds that the Government's motion to vacate is timely. The Government filed its motion to vacate on October 2, 2024—less than one year after the state court entered default judgment. Thus, the Government has met the timeliness requirement of Rule 60(c).

Last, the Court finds that all three factors weigh in favor of vacating the state court judgment. The first factor asks "whether the plaintiff will be prejudiced" by the court vacating the judgment. *Arpaio*, 527 F. App'x at 111 (internal quotations omitted). The Court finds that Nadie will not be prejudiced by vacatur. For one, the state court lacked the authority to issue the judgment in the first place, so it is unenforceable. For another, the Government has represented that Nadie "can still timely file an administrative claim—consistent with the procedures outlined in the FTCA—for the alleged collision with his mailbox." (Doc. No. 11 at 9.) The second factor— "whether the defendant has a meritorious defense"—also favors vacatur. *Arpaio*, 527 F. App'x at 111 (internal quotations omitted). The Government has a "meritorious defense" because the state court's judgment was entered against the wrong defendant. *See Burgos*, 2021 WL 3145738, at *3 (finding that the Government had a meritorious defense because the original complaint named the wrong party). The third and final factor also favors vacatur because the default was not due to "the defendant's culpable conduct." *Arpaio*, 527 F. App'x at 111 (internal quotations omitted). Although Nadie says he "submitted the judgment to the defendant on multiple occasions," (Doc. No. 12 at 2), the evidence suggests that the Government was not properly served with the state court action in the first place. Nadie served his complaint on his local post office, not on the Attorney General's Office, the U.S. Attorney's Office, or the General

6

Counsel of USPS, which was required under Federal Rule of Civil Procedure 4(i).  So, the Court will grant the Government's motion to vacate the state court's default judgment entered against USPS.

### C. Motion to Dismiss

The Government last moves to dismiss this case under Rule 12(b)(1).  It argues that this Court lacks subject matter jurisdiction for two reasons: (1) Nadie has not exhausted his administrative remedies; and (2) under the doctrine of derivative jurisdiction, this Court lacks jurisdiction because the state court lacked jurisdiction.  (Doc. No. 11 at 9–15.)  Because the Government is right on the first ground, the Court need not consider the second one.

The Government makes a factual challenge to the court's subject matter jurisdiction under Rule 12(b)(1).  (Doc. No. 11 at 10.)  When there is a factual attack on the court's subject matter jurisdiction, the plaintiff bears the burden of proving subject matter jurisdiction, and "no presumption of truthfulness attaches to [his] allegations."  *CNA*, 535 F.3d at 139.  In considering such a motion, the Court "may consider evidence outside the pleadings."  *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

The crux of the Government's facial attack is that because Nadie has not exhausted his administrative remedies under the FTCA before filing suit, this Court lacks subject matter jurisdiction over this case.  (Doc. No. 11 at 12.)  The connection between the FTCA's exhaustion requirement and this Court's jurisdiction stems from the fact that "the United States of America, as a sovereign, is immune from suit unless it consents to be sued."  *Merando v. United States*, 517 F.3d 160, 164 (3d Cir. 2008).  Under the FTCA, Congress has abrogated the United States' immunity for claims of "money damages . . . for personal injury or death caused by the negligent

or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

But the FTCA "precludes suit against the United States unless the claimant has first presented the claim to the relevant Federal agency and the claim has been finally denied." *Lightfoot v. United States*, 564 F.3d 625, 626–27 (3d Cir. 2009). "The final denial requirement is 'jurisdictional and cannot be waived.' *Id.* (quoting *Bialowas v. United States,* 443 F.2d 1047, 1049 (3d Cir.1971)). This requirement may be satisfied in one of two ways: (1) the "claim shall have been finally denied by the agency in writing and sent by certified or registered mail;" or (2) "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial[.]" 28 U.S.C. § 2675(a). Unless a plaintiff gets a final denial and thus exhausts his administrative remedies, "a district court may dismiss a claim brought under the FTCA for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)." *Knapp v. United States Dep't of Health & Hum. Servs.*, No. CV 3:18-1422, 2020 WL 969624, at *3 (M.D. Pa. Feb. 28, 2020); *see also Abulkhair v. Bush,* 413 F. App'x 502, 506 (3d Cir. 2011) (affirming the district court's dismissal of plaintiff's FTCA claim under Rule 12(b)(1) because plaintiff "did not exhaust his administrative remedies before filing suit").

Here, the evidence shows that Nadie did not properly exhaust his administrative remedies before filing suit. The Government presents a declaration from a USPS representative who asserts that no mention of Nadie's claim exists in the Postal Service Law Department database or in the Postal Service Tort Claims/Collections Specialist database. (Doc. No. 11-1 ¶¶ 37.) Although Nadie alleges that he submitted forms to his local post office, he lacks proof to back up his allegations. Plus, in any event, Nadie jumped the gun by filing his complaint in state court before receiving a final denial in writing from USPS or waiting at least six months to hear back

from the agency.  (*See* Doc. No. 10-1 at 2 (describing how after four or five months after the incident, Nadie sued USPS in state court).)  Without a final denial of his claim, Nadie has not exhausted his administrative remedies.[3]  *McNeil v. United States*, 508 U.S. 106, 112 (1993).  Thus, the Court grants the Government's motion to dismiss this case for lack of subject matter jurisdiction.

## II. Conclusion

For the reasons set forth above, the Government's motions to substitute and vacate are granted.  The Government's motion to dismiss Nadie's claim against the United States is granted without prejudice.  The Court encourages Nadie to exhaust his administrative remedies and, if needed, to file an FTCA action in the appropriate court, at the appropriate time.  An accompanying order follows.

---

[3] To properly exhaust his claim for money damages against USPS, Nadie must complete Standard Form 95.  The Form may be accessed through this link: https://www.gsa.gov/reference/forms/claim-for-damage-injury-or-death.  Once Nadie completes this form, he must submit it to USPS, along with a "claim for money damages *in a sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 457 n.4 (3d Cir. 2010) (internal quotations omitted).  "This claim must be presented to the appropriate federal agency within two years after it accrues." *Id.* at 456 n.3.